UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. DILLON, on behalf of
himself and others similarly situated,

      Plaintiff,

v.                                                                    CASE NO.: 8:07-CV-544-T-23MAP

CHAMPIONS' BBQ, INC., a Florida
Corporation,

      Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Renewed Motion to Compel Responses and Documents Responsive to his First Set of Interrogatories and First Request for Production (doc. 13). Plaintiff seeks entry of an order sanctioning Defendant for failing to respond to his first set of interrogatories and first request for production of documents served on July 5, 2007. Specifically, Plaintiff asks the Court to require Defendant to immediately produce appropriate responses to his discovery requests and for reasonable expenses, including attorneys' fees, caused by Defendant's recalcitrance.

Plaintiff is suing his former employer for overtime compensation and minimum wages under the Fair Labor Standards Act. After Defendant failed to timely respond to her discovery requests, Plaintiff filed a motion to compel same on August 27, 2007. Thereafter, Defendant's counsel withdrew representation of Defendant, and the Court directed Defendant to obtain new counsel within thirty days, staying all pending discovery during this time. Defendant failed to obtain new counsel and the discovery period reopened, however, Defendant did not respond to Plaintiff's discovery requests. Accordingly, in an order dated

November 2, 2007, this Court directed Defendant to respond by November 12, 2007. Now, two months after this deadline, however, Defendant has neither responded to the discovery requests nor requested any additional time to do so.

Pursuant to Fed.R.Civ.P. 37(b)(2)(C), the district court has broad discretion to control discovery, including the ability to impose sanctions on uncooperative litigants. And, if a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions, including costs and monetary sanctions, like any other litigant. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Eleventh Circuit seems to require that the court first impose lesser sanctions such as fines and costs. If these sanctions fail to deter the conduct, more severe sanctions can then be imposed. Here, Plaintiff seeks entry of an order compelling Defendant to provide responses to his discovery requests plus reimbursement for its expenses, including attorneys' fees, incurred as a result of Defendant's failure to cooperate. In light of Defendant's failure to cooperate with discovery, these sanctions are appropriate under Fed.R.Civ.P. 37(b)(2)(C). While it would be premature at this time to impose any more severe sanctions than that Plaintiff requests, Defendant should be on notice that continued failure to provide responses to discovery and to comply with this Court's orders may result in more drastic sanctions. The Eleventh Circuit holds that when less drastic sanctions do not ensure compliance with court orders, such as when a defendant refuses to reveal discoverable information and willfully violates court orders, the severe sanction of a default judgment is appropriate. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1543-43 (11th Cir. 1993). After consideration, it is hereby

ORDERED that:

1. Plaintiff's Renewed Motion to Compel Responses and Documents Responsive to his First Set of Interrogatories and First Request for Production (doc. 13) is GRANTED.

2. As a result of Defendant's failure to respond, Defendant is directed to provide responses to the Plaintiff's discovery and reimburse Plaintiff for its expenses, including attorneys' fees, by February 4, 2008.  Failure to respond or to pay by February 4, 2008, can result in more severe sanctions, including entry of a default judgment for Plaintiff.[1]

DONE and ORDERED in chambers at Tampa, Florida on this 18th day of January, 2008.

_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:     Champions' BBQ
        12150 Seminole Blvd.
        Largo, FL 33778

---

[1] Defendant is once again reminded that pursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02.