UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. DILLON,

    Plaintiff,

v.                                                                  CASE NO: 8:07-cv-544-T-23MAP

CHAMPIONS' BBQ, INC.,

    Defendant.
_____/

## **ORDER**

On July 5, 2007, the plaintiff served upon the defendant the plaintiff's First Set of Interrogatories and First Request for Production of Documents. (Doc. 9, Exs. A and B). After the defendant failed to meet the August 7, 2007, deadline (Doc. 9 at 2), the plaintiff moved to compel production of the discovery responses. (Doc. 9) Two days later, counsel for the defendant moved to withdraw on the basis of "irreconcilable differences." (Doc. 10, ¶ 1) A September 12, 2007, order (Doc. 11) grants counsel for the defendant's motion to withdraw, stays discovery for thirty days, and directs the defendant to obtain new counsel within thirty days. The defendant failed to obtain new counsel. A November 2, 2007, order (Doc. 12) grants the plaintiff's motion (Doc. 9) to compel discovery responses and directs the defendant to respond on or before November 12, 2007. The order states that "[p]er Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to

Rule 2.01 and Rule 2.02." (Doc. 12 at ¶ 3)  The defendant failed to respond and failed to obtain new counsel.

On January 9, 2008, the plaintiff renewed (Doc. 13) his motion to compel and moved (Doc. 13) for reimbursement of the expenses incurred in bringing the motion.  A January 18, 2007, order (Doc. 14) grants the plaintiff's motions and directs the defendant to respond and to pay the plaintiff's expenses on or before February 4, 2008.  The motion states "[f]ailure to respond or to pay by February 4, 2008, can result in more severe sanctions, including entry of a default judgment for Plaintiff."  (Doc. 14 at ¶ 2)  The order states, "Defendant is once again reminded that pursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." (Doc. 14 at 2 n.1)  The defendant failed to respond and failed to pay the plaintiff's expenses.

A corporation can defend against a plaintiff's claims only through licensed counsel.  Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (citing 28 U.S.C. § 1654); Local Rule 2.03(e).  A corporation's failure to obtain counsel "may result in the imposition of sanctions, even including entry of default."  McPartland v. ISI Inv. Servs., Inc., 890 F. Supp. 1029, 1032 (M.D. Fla. 1995).  Rule 37(b)(2), Federal Rules of Civil Procedure, authorizes the entry of a default judgment for the willful violation of discovery orders.  Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1543-44 (11th Cir. 1993).  Default judgment is appropriate "when less drastic sanctions would not ensure compliance with the court's orders."  Malautea, 987 F.2d at 1542.

A March 3, 2008, order (Doc. 16) directs the defendant to show cause why a default judgment should not be imposed for the defendant's failure to comply with orders, failure to retain counsel, failure to respond to discovery requests, and failure to reimburse the plaintiff's expenses. The defendant again fails to respond. The Clerk is directed to enter the defendant's default pursuant to Rule 55(a), Federal Rules of Civil Procedure.

ORDERED in Tampa, Florida, on April 1, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE